**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4442

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

YOLANDA GONZALEZ,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:13-cr-00264-FDW-6)

Submitted: August 15, 2016　　　　　Decided: August 17, 2016

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert C. Carpenter, ADAMS, HENDON, CARSON, CROW & SAENGER, P.A., Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yolanda Gonzalez appeals her sentence of 240 months' imprisonment following her convictions for conspiracy to possess with intent to distribute heroin and conspiracy to commit money laundering. Finding no reversible error, we affirm.

We ordinarily review a criminal sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, . . . or failing to adequately explain the chosen sentence." Id. at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances." Id.

Gonzalez first claims that the district court did not make factual findings necessary to support a two-level Sentencing Guidelines enhancement for obstruction of justice. As Gonzalez did not object to the enhancement at sentencing, we review this claim only for plain error. See United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012). The presentence report concluded that the enhancement was proper because Gonzalez had testified untruthfully at trial. See U.S. Sentencing Guidelines Manual

§ 3C1.1 & cmt. n.4(F) (2014). Because neither party disputed this fact at sentencing, we find that the district court did not err, let alone plainly so, by accepting the PSR's conclusion as a finding of fact. See Fed. R. Crim. P. 32(i)(3)(A).

Gonzalez also contends that her sentence is substantively unreasonable because the district court did not adequately account for the need to avoid unwarranted sentence disparities among similarly situated defendants. See 18 U.S.C. § 3553(a)(6). Because the district court imposed a sentence below the properly calculated Guidelines range, we presume that Gonzalez's sentence is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the . . . 18 U.S.C. § 3553(a) factors." Id.

The record reveals that the district court explicitly considered the need to avoid sentence disparities. Indeed, Gonzalez received a term of imprisonment identical to the term of the co-conspirator the district court deemed most similar to her. We therefore conclude that Gonzalez has failed to rebut the presumption of reasonableness we apply to her below-Guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED